### John J. Carey *vs.* William J. Casey.

Suffolk.    November 16, 1922. — May 22, 1923.

Present: Rugg, C.J., DeCourcy, Crosby, Carroll, & Jenney, JJ.

*Civil Service.    Notice.*

A notice in writing to a press feeder from the superintendent of a printing
department of a city subject to civil service, stating that the services of the
press feeder would end three days after the notification and that at that
time his name would " be dropped from the roll of this department," and
also that the press feeder was appointed to take the place of an employee
who had been discharged illegally and that in accordance with civil service
rules the employee thus illegally discharged must be reinstated to his
former position, is a compliance with G. L. c. 31, § 43, and, if, within the
three days granted him by the statute, the press feeder did not apply for
a hearing, a petition by him for a writ of mandamus directing his reinstate-
ment must be dismissed.

Petition, filed in the Supreme Judicial Court on July 11,
1921, for a writ of mandamus directing the respondent,
superintendent of the printing department of the city of
Boston, to reinstate the petitioner to his former position as
a press feeder in that department.

The facts, which were agreed to, are described in the
opinion.    The case was reserved by *Crosby,* J., for determi-
nation by the full court.

The case was submitted on briefs.

*F. W. Mansfield & E. R. Mansfield,* for the petitioner.

*E. M. Sullivan & J. P. Lyons,* for the respondent.

Carroll, J.    In this petition for a writ of mandamus the
petitioner seeks to compel the respondent superintendent
of the printing department of the city of Boston to reinstate
the petitioner in his former position of press feeder.    It was
agreed that the petitioner had worked as a press feeder in
the printing department of the city for about nine years
until January 1, 1921, when he ceased.    December 22, 1921,
he returned to the same employment, having been certified
from the civil service list and appointed by the then superin-

tendent of the printing department, and continued in this employment until May 16, 1922. May 13, 1922, the respondent notified the petitioner in writing that his services would end on May 16. In this notification it was stated that the petitioner was appointed to take the place of an employee who had been illegally discharged; that in accordance with civil service rules the discharged employee must be reinstated in his former position. No other written notice was given to the petitioner, and the respondent has refused to reinstate him.

The question in the case is whether the notice of removal was in accordance with the statutes of the Commonwealth. Under G. L. c. 31, § 43, an employee cannot be removed from his employment except for just cause, and " for reasons specifically given him in writing within twenty-four hours after such removal. . . . If within three days thereafter, the person sought to be removed " shall so request in writing, he is to be given a public hearing by the public officer or board whose action affected him. The notice to the petitioner was not given within twenty-four hours after his removal. It was, however, given to him on the 13th of May before he was removed. It informed him that his services as a press feeder would end on May 16, and at that time his name would " be dropped from the roll of this department." The notice was in compliance with the statute. It gave the petitioner sufficient time to protect his rights, and within three days, if he so desired, apply for a hearing. The requirement that the notice of removal was to be given within twenty-four hours thereafter was for the employee's protection; and he was not harmed in any way or deprived of any of his rights, under the civil service statute, by notification on the 13th of May that he would be removed on the 16th of that month. The statute is not to be given the strict construction contended for by the petitioner. It was enacted to prevent removals from office except for just cause and for reasons specifically stated in the written notice of removal, so that the person removed might have within three days the opportunity to request a hearing and the right to answer charges preferred against him.

It does not appear that the petitioner requested such a hearing. He was duly notified of his removal. Notice of his removal to take effect three days thereafter was given him, and if he desired he could have insisted on a hearing in accordance with the statute. He cannot complain because the notice was given him on May 13, and he was in fact removed on May 16. See *Atherton* v. *Corliss,* 101 Mass. 40; *Bay State Dredging & Contracting Co.* v. *W. H. Ellis & Son Co.* 235 Mass. 263, 267, 268.

*Petition dismissed.*