CHARLES REAGAN *vs.* MAYOR OF FALL RIVER & another.
PETER LEARY *vs.* SAME.
JAMES HARRINGTON *vs.* SAME.
ROBERT THORNBER *vs.* SAME.
JAMES E. KAY *vs.* SAME.
ROCK LeCOMTE *vs.* SAME.
FRANK O'REGAN *vs.* SAME.
PATRICK F. FOX *vs.* SAME.
JOHN WALKER *vs.* SAME.
JOHN P. HENNESSEY *vs.* SAME.
AIME FISETTE *vs.* SAME.
EDWARD J. REYNOLDS *vs.* SAME.
JAMES H. CARROLL *vs.* SAME.
MARTIN F. LITTLE *vs.* SAME.
JAMES E. SULLIVAN *vs.* SAME.
ALPHONSE BOIS *vs.* SAME.

Bristol.   March 24, 1927. — July 1, 1927.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Civil Service.   Mandamus.*

A notice in writing from the superintendent of streets in Fall River, received on Saturday by one, enrolled in the classified list of the public service of the Commonwealth and duly certified as a permanent employee as laborer in the street department, informing the laborer that on and after the following Monday until further notice the street depart-

ment would operate on a part time basis and the laborer would work
two days a week because of lack of work owing to the season of the
year and such a depletion of the funds of the department that full time
employment for all permanent employees was not permitted, is a suffi-
cient notice under G. L. c. 31, § 43.

If, after receiving a notice of the character above described, the laborer
does not ask for a hearing and review under said § 43, he cannot main-
tain a petition for a writ of mandamus ordering his reinstatement even
if the reasons stated in the notice were not true.

SIXTEEN PETITIONS, filed in the Supreme Judicial Court
for the county of Bristol on January 18, 1927, for writs of
mandamus described in the opinion.

The petitions were ordered consolidated, were then re-
ferred to an auditor, and were heard upon the pleadings and
the auditor's report by *Carroll*, J., who ruled in substance
that, it not appearing that the petitioners had pursued the
remedy given them by G. L. c. 31, §§ 43, 45, the petitions
must be dismissed. The petitioners alleged exceptions.

*T. C. Crowther*, for the petitioners.

*C. W. Donovan*, for the respondents.

SANDERSON, J. These are sixteen petitions for manda-
mus for the reinstatement of the several petitioners in their
respective employments in the street department of the city
of Fall River. Each petitioner was enrolled in the classified
list of the public service of the Commonwealth, and duly
certified as a permanent employee as laborer in the street
department. On or about December 18, 1926, each peti-
tioner received a written notice from the superintendent of
streets informing him that on and after Monday, December
20, 1926, until further notice, the street department would
operate on a part time basis, that the petitioners would
work two days a week. The reason given in the notice was
lack of work owing to the season of the year and such a
depletion of the funds of the department as not to permit
full time employment for all permanent employees. "In-
stead of depriving some men of work and granting full time
to others it has been decided to so subdivide the work that
all might receive some employment." The petitioners did
not ask for a hearing and review, as they might have done.
G. L. c. 31, §§ 43, 45. Because they had failed to follow this

statutory procedure, a single. justice denied the petitions. Exception was taken to his finding, ruling and order.

The reasons for a suspension are required by the statute to be given within twenty-four hours after suspension, but it has been decided that such reasons may legally be given three days before the date of removal. *Carey* v. *Casey,* 245 Mass. 12. The notice to the petitioners in the case at bar therefore was properly given, and reasons were stated as required by the statute. As a result of this notice the petitioners were suspended within the meaning of that word as used in the statute. See *Bois* v. *Mayor of Fall River,* 257 Mass. 471, 476. The court said, in *Peckham* v. *Mayor of Fall River,* 253 Mass. 590, at page 593, "The appropriate procedure for trying out all questions involved in a removal or suspension of one entitled to the protection of the civil service law is that provided by the statute. G. L. c. 31, §§ 43, 44, 45. That procedure affords the exclusive remedy when it is available. . . . But when, by not receiving the required statement in writing of the reasons for removal or suspension, the employee cannot avail himself of the procedure then afforded, he may resort to remedy by mandamus." Upon the facts in the case at bar, the procedure provided for hearing and review furnished the petitioners with an adequate remedy; and as they did not avail themselves thereof, they are not entitled to a writ of mandamus. *O'Brien* v. *Cadogan,* 220 Mass. 578, 581. *Carey* v. *Casey, supra.* *McLaughlin* v. *Mayor of Cambridge,* 253 Mass. 193.

The facts found by the auditor to the effect that there was no lack of funds for doing the necessary work in the street department, that after December 20, 1926, the seniority clause of civil service rule 40 (§ 4) was not observed, and that for several weeks after that date teamsters were employed on full time, would not give the petitioners the right to substitute proceedings by way of mandamus for their statutory remedy. The reasons for the public hearing are to determine whether proper cause of suspension existed and whether the causes assigned are true. Cases in which a petition for mandamus has been granted after municipal officers have so violated the provisions of G. L. c. 31, as to

make the statutory remedy unavailable to the employee, are distinguishable from the case at bar. *Peckham* v. *Mayor of Fall River, supra. Harrison* v. *Fall River,* 257 Mass. 545, 549.

*Exceptions overruled.*