WILLIAM WALLACE *vs.* SUPERINTENDENT OF STREETS OF THE CITY OF NEW BEDFORD & another.

Bristol.    November 7, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Civil Service.*

If an employee in the classified civil service of a city is suspended by notice in writing and does not thereafter make application under G. L. c. 31, § 43, for a hearing before "the officer or board whose action affected him," he cannot maintain a petition for a writ of mandamus to secure his reinstatement; the remedy given by that statute is exclusive.

Such a notice, which stated that the employee, a sign painter, was suspended for the reason that there was "Insufficient work for all men certified as painters and those entitled to employment under the Civil Service seniority rule can perform all that is required to be done," was *held* to be sufficient.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on January 16, 1928, for a writ of mandamus commanding the respondents to reinstate the petitioner as a sign painter in the classified civil service employed by the city of New Bedford.

The case was heard upon the petition and answer and an agreed statement of facts by *Wait*, J., by whose order the petition was dismissed. The petitioner alleged exceptions. Material facts are stated in the opinion.

The case was submitted on briefs.

*J. P. Doran*, for the petitioner.

*B. B. Barney*, for the respondents.

CARROLL, J. The petitioner was appointed under the classified civil service as "sign painter" in the street department of the city of New Bedford. He was so employed on August 6, 1927, when he was suspended by notice in writing, of that date, for the reason that there was "Insufficient work for all men certified as painters and those entitled to employment under the Civil Service seniority rule can perform all

that is required to be done."   A justice of this court directed that the petition for mandamus should be dismissed.   The petitioner excepted.

It did not appear that the petitioner availed himself of the remedy given by G. L. c. 31, § 43, and did not, as provided in that section, make application for a hearing before "the officer or board whose action affected him."   See G. L. c. 31, § 45.   This was the exclusive remedy given the petitioner, and unless he availed himself of this remedy, his petition could not be granted. *Carey* v. *Casey*, 245 Mass. 12. *McLaughlin* v. *Mayor of Cambridge*, 253 Mass. 193.   *Reagan* v. *Mayor of Fall River*, 260 Mass. 529.   Due notice of suspension was given the petitioner on the day he was suspended.   This was in accordance with the statute.   G. L. c. 31, § 43.   *Carey* v. *Casey, supra.   Reagan* v. *Mayor of Fall River, supra.*   The form of the notice is not open to objection.   The denial of the petition was right.

*Exceptions overruled.*