MARY E. DONNELLY *vs.* TRUSTEES OF THE BOSTON CITY
HOSPITAL.

Suffolk.   January 15, 16, 1935. — April 1, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Civil Service.   Mandamus.*

Where a judge of a district court, upon a petition to review action whereby
an employee in the civil service was discharged after notice, with a
statement of reasons, and a hearing, affirmed such action, stating
that he could not find it to have been without proper cause or in bad
·faith, a petition thereafter brought by the employee for a writ of
mandamus to compel his reinstatement must be denied as a matter
of law.

PETITION for a writ of mandamus, filed in the Supreme
Judicial Court for the county of Suffolk on October 26,
1933, and afterwards amended.

The case was referred to an auditor, and afterwards was
heard by *Pierce*, J., upon the auditor's report and certain
testimony. The single justice ordered the petition denied
as a matter of law. The petitioner alleged exceptions.

*I. Lewis*, for the petitioner.

*H. M. Pakulski*, Assistant Corporation Counsel, for the
respondents.

CROSBY, J. This is a petition for a writ of mandamus
whereby the petitioner seeks reinstatement in employment
as an elevator operator at the Boston City Hospital. The
case was referred to an auditor who found the following
facts: It was admitted and found as a fact that the petitioner
was illegally removed from her position as an elevator
operator on November 3, 1932, without any charges or
reasons therefor being given and without a hearing at that
time. On January 4, 1933, the respondents were informed
by the law department of the city of Boston that the peti-
tioner was illegally removed and was entitled to reinstate-
ment, but no action was taken at that time. Thereafter the
petitioner filed a petition in the Supreme Judicial Court for

a writ of mandamus wherein she sought to be restored to her position and to have paid to her salary withheld by reason of her illegal discharge. At the hearing on this petition on April 28, 1933, it was stated by counsel for the respondents and by the respondent Adams that they were satisfied that the petitioner had been removed illegally, and that she would be reinstated and paid the salary due her which had been withheld. By reason of this statement a writ did not issue. Thereafter the petitioner received a letter from counsel for the respondents addressed to them and stating that she should be reinstated and receive the back pay due her. The petitioner presented this letter to the superintendent of the respondents between one and two o'clock on April 28, 1933, and she was told to return for work the next morning. She was reinstated and received full compensation for the amount due her. She returned for work the next morning at the regular time and after working for two hours was requested to report to the superintendent, who gave her a letter directed to her in which it was stated that she was removed from her position, "said removal to be effective April 29, 1933, for the following reasons: 1. Conduct unbecoming an employee of the hospital. 2. Absence without leave. 3. Insubordination and insolence to superior officers. 4. Failure to report for work on time. 5. Condition unfit for work." This letter was signed "BOARD OF TRUSTEES, (Signed) Karl Adams, Acting President." The auditor also found that on the morning of April 28, 1933, the trustees authorized the foregoing letter to be written, that it was then and there determined that the petitioner should be discharged again immediately after being reinstated, and that when the petitioner was discharged the second time nothing had occurred between the time of her reinstatement and the time of her second discharge which constituted proper cause for such discharge. Thereafter, on April 29, the petitioner wrote to the chairman of the board of trustees requesting a hearing on the charges in accordance with the provisions of G. L. (Ter. Ed.) c. 31. A hearing was given by the respondents and was held on May 5, 1933, at which the petitioner appeared and was represented by

counsel. At the close of the hearing the respondents took the matter under advisement and later on the same day voted as follows: "Decision to remove Mary E. Donnelly from her position of elevator operator at the Boston City Hospital is hereby confirmed," and sent the petitioner a letter informing her of their action. The auditor found that there was nothing in the records of the trustees to show on what grounds the trustees based their conclusions.

It was further found that on May 31, 1933, the petitioner brought a petition for review in the Municipal Court of the Roxbury District of the city of Boston, and the special justice who heard the petition made the following finding: "On the complete record the court cannot find that the respondent trustees acted without proper cause or in bad faith in this removal, and in not supporting the petitioner in her differences with her immediate superior. That being so, then under the law and action, and decision of the respondent trustees in the removal must be affirmed, and it is so found and ordered." The auditor states that he does not find any evidence of bad faith on the part of the respondents, or their counsel, unless the foregoing facts constitute bad faith as matter of law. The auditor further found that on November 3, 1932, the petitioner was discharged without receiving proper notice as required by G. L. (Ter. Ed.) c. 31, § 43, and that "There is no doubt that Adams, at the time of making his statement in open court, intended that the petitioner should be put back to work and discharged again immediately, but there is also no doubt that he thought and believed that such procedure was legal and right and that he was thereby merely correcting an informal set of acts on the part of the trustees."

After the auditor's report was filed the case was heard by a justice of this court. At the conclusion of the testimony the petitioner filed seven requests for rulings. These requests were denied, and the single justice ordered the following entry to be made: "Petition denied as a matter of law." The petitioner excepted to the refusal of the single justice to rule as requested, and to the order denying the petition.

It is plain that when the respondents first attempted to

discharge the petitioner on November 3, 1932, it was ineffectual for the reason that she was not given any notice of such discharge as required by G. L. (Ter. Ed.) c. 31, § 43. It is apparent that the second discharge of the petitioner on April 29, 1933, was for the purpose of discharging the petitioner in conformity with the requirements of G. L. (Ter. Ed.) c. 31. The auditor's report shows that every requirement of the statute had been complied with. The petitioner availed herself of the remedy given her by the statute. She failed to prevail in those proceedings. The petitioner by mandamus now seeks reinstatement to her former employment. The only question to be decided is whether as matter of law she is entitled to relief by mandamus. She does not show that any error of law was committed in denying the petition. *Boucher* v. *Salem Rebuilding Commission*, 225 Mass. 18. *Lawrence* v. *Board of Registration in Medicine*, 239 Mass. 424, 427. *Whalen* v. *City Forester of Waltham*, 279 Mass. 287.

*Exceptions overruled.*