[Civ. No. 10397.   First Appellate District, Division Two.—October 25, 1937.]

AUGUST J. WEIGLE, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent.

John G. Evans and H. F. Boos for Appellant.

Joseph T. Curley and Marvin C. Hix, as *Amici Curiae* on Behalf of Appellant.

John J. O'Toole, City Attorney, and Thomas P. Slevin, Deputy City Attorney, for Respondent.

OGDEN, J., *pro tem.*—This is an appeal from a judgment entered in favor of defendant and respondent upon the sustaining of a general demurrer to the complaint and amendments thereto, and the failure of plaintiff and appellant to amend.

The action is brought by appellant, as assignee of seventy-five civil service employees of the respondent city and county and seeks to recover for alleged reductions in compensation suffered by them covering the period from January 8, 1932, to the date of filing the complaint, to wit, July 1, 1936. The complaint and amendments thereto, which will hereafter be referred to simply as the complaint, separately states the claims of each of the assignor employees. By stipulation, it is before us as to the first cause of action only, each of the other counts being identical therewith except as to names and amounts and it being stipulated that the decision upon this appeal as to the first cause of action shall apply to them all.

The following facts appear from the allegations contained in the first count of the complaint: Prior to January 8,

1932, and particularly on January 1, 1931, appellant's assignor was employed by respondent, in the capacity of bricklayer, as a regularly certified and duly qualified permanent civil service employee, on the basis of six days per week for a total of forty-four hours per week. Although it is alleged that prior to January 8, 1932, he was receiving annual compensation of $3,300 for his services, it appears from a consideration of the pleading as a whole that he was then and still is compensated upon a per diem basis, the total amount of compensation received in each year being dependent upon and governed by the number of days of service actually performed. On January 8, 1932, by action of the respondent, his days of service per week were, and ever since have been, reduced from six to five and his hours of service per week from forty-four to forty. It is alleged that this action was without cause or justification and contrary to certain provisions of the charter and rules of the civil service commission as set forth in the complaint. It further appears that no charges were filed against the employee nor any opportunity given him to be heard in defense thereof; also that at all times subsequent to such reduction there was work to be performed sufficient to require his services for the full six days of each week and that there have been continuously employed other civil service employees, junior in service to him, engaged in performing the services that would have been performed by him if permitted to work for the full time.

As a result of the reduction in days of service permitted to be rendered, there was a corresponding reduction in the total amount of compensation received in each of the following years, and appellant seeks to recover for the difference between the total amount of compensation received in the year prior to the reduction and the total amounts received in each of the succeeding years.

Appellant contends that his compensation was wrongfully reduced within the meaning of the prohibition found in section 71 of the charter and relies upon the following excerpt from that section, to wit: " . . . provided, that any compensation paid as of January 1, 1931, to an incumbent who legally held a position in the city and county service at that time, shall not be reduced so long as such incumbent legally holds such position . . . "

In determining the meaning of this proviso and the scope and effect of the limitation thereby imposed, however, we cannot, as appellant asks us to do, read and consider it as so isolated. It must be read and interpreted, not only in connection with the charter as a whole, but particularly with reference to that which precedes it and which it qualifies. (Lewis' Sutherland Statutory Construction, 2d ed., vol 2, p. 670, 23 Cal. Jur. 744.)   As aptly stated in *Sacramento* v. *Industrial Acc. Com.*, 74 Cal. App. 386, at page 391 [240 Pac. 792], where the word "compensation" as used in section 8½ of article XI of the state Constitution was under consideration, "The word 'compensation' must be read in connection with not only the words where it appears, but also in reference to the subject-matter of which the section purports to treat."

As we have judicial knowledge of all the provisions of the charter of respondent city and county (*Clark* v. *City of Los Angeles,* 160 Cal. 30 [116 Pac. 722] ; *Teachout* v. *Bogy,* 175 Cal. 481 [166 Pac. 319]), we may refer to the entire section where the proviso relied upon is found. Section 71 of the charter reads as follows:

"All increases in salaries or wages of officers and employees shall be determined at the time of the preparation of the annual budget estimates and the adoption of the annual budget and appropriation ordinances, and no such increase shall be effective prior to the fiscal year for which the budget is adopted.   Salary and wage rates for classes of employments subject to salary standardization, as in this charter provided, shall be fixed in the manner provided in this charter.   Salary and wage rates for classes of employment not subject to salary standardization, exclusive of compensations fixed by this charter shall be recommended by the officer, board or commissioner having appointive power for such employments, and fixed by the budget and the annual salary ordinance. Pending the adoption of salary standards as in this charter provided, the salary and wage rates for positions subject to such standardization shall be as recommended by the officer, board or commission having appointing power for such positions and fixed by the budget and annual ordinance; provided that any compensation paid as of January 1, 1931, to an incumbent who legally held a position in the city and county service at that time, shall not be reduced so long as such

incumbent legally holds such position. No compensation shall be increased so as to exceed the salary or wage paid for similar services and of like character and for like service and working conditions in other city departments or in private employments, nor so as to exceed the rate fixed for such service or position in the proposed schedule of compensations issued by the civil service commission under date of April 9, 1930, except as such proposed schedule or compensation is amended as provided in this charter, or extended by the civil service commission to include classifications not included therein.''

It is apparent from a reading of the foregoing section as a whole that it deals with the manner of determining increases and reductions in salary and wage rates. The sentence in which the proviso is contained grants the power to determine such salary and wage rates, pending the adoption of salary standards, in accordance with the recommendations of the appointing power. The proviso limits the exercise of that power by prohibiting such a determination of salary and wage rates as will result in a reduction in compensation of any employee who was an incumbent on January 1, 1931, below that in effect on that date. The reduction in compensation prohibited is a reduction caused by a reduction in wage rate, not in number of hours or days of employment. Appellant complaining, not of a reduction in wage rate but rather of a reduction in amount of employment, it follows that the prohibition contained in section 71 of the charter has no application to the situation presented by his pleading.

Appellant further contends that by reducing the number of days of service per week of his assignor, the rules adopted by the civil service commission of the respondent city and county have been violated. The first of these rules upon which he relies and has pleaded in his complaint is the following:

"Rule 26. Reduction in Force. Section 2. Permanent Positions: Whenever it becomes necessary for an appointing officer to reduce the number of persons employed under his jurisdiction in permanent positions in any class, such persons shall be laid off or relieved from duty in the inverse order of their appointment in his jurisdiction and shall be entitled to such rights as are provided in section 5 of this rule.''

It is apparent from a reading of the foregoing rule that it applies only to a reduction of force or in number of employees and has no application to the situation here presented of a reduction, not in number of employees, but rather in amount of employment.

■ A violation of rule 29 of the civil service commission is also claimed. That portion of this rule which is incorporated in the complaint, is taken verbatim from section 154 of the charter and provides as follows:

"Rule 29. Suspension and Dismissal. Section 1. Charter Procedure. No person employed under the Civil Service provisions of this charter, exclusive of members of the Police and Fire Departments, as provided under section 155 of the charter, in a position defined by the Civil Service Commission as permanent shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. . . . "

Appellant cites a line of decisions from the jurisdiction of Massachusetts, holding that the reduction of days of service per week of *per diem* employees constitutes a suspension requiring notice thereof and a hearing in accordance with civil service rules. (*Bois* v. *Mayor of City of Fall River,* 257 Mass. 471 [154 N. E. 270] ; *Whalen* v. *City Forester of City of Waltham,* 279 Mass. 287 [181 N. E. 246] ; *Reagan* v. *Mayor of Fall River,* 260 Mass. 529 [157 N. E. 522].) All of these cases were based upon charter provisions requiring notice and hearing in case of a suspension, while the charter provision of the respondent city and county requires charges and hearing thereon only in the event of a removal or discharge. This distinction is recognized in the case of *Bois* v. *Mayor of City of Fall River, supra,* in the following language: "The word 'suspension' in this context (referring to the charter provision) means a temporary withdrawal or cessation from public work as distinguished from permanent severance from the service accomplished by removal."

We have been able to find no provision in the charter of respondent and no rule of the civil service commission has been pleaded or called to our attention requiring charges to be filed and a hearing to be had thereon in the case of a temporary cessation or suspension from employment such as is found in the charters under consideration in the cases cited. Although the title of rule 29 above quoted refers to both

suspension and dismissal, that portion of the rule pleaded and called to our attention refers only to a removal or discharge and not to a suspension.

Section 141 of the charter authorizes the civil service commission to adopt rules to carry out the civil service provisions of the charter and to govern, among other things, "layoffs or reductions in force, both permanent and temporary, due to lack of work or funds, retrenchment, or completion of work . . . ". That the respondent city and county, acting through its proper officials, had the power to lay off, or reduce the period of service of, its employees is recognized by the foregoing section. The burden was upon appellant to show by his pleading that, in so exercising that power with reference to his assignor, the rules of the civil service commission, if any, governing such exercise were violated. This he has failed to do and the demurrer to his complaint was therefore properly sustained.

The case of *Lotts* v. *Board of Park Commrs.*, 13 Cal. App. (2d) 625 [57 Pac. (2d) 215], relied upon most strongly by appellant, is readily distinguishable from the instant case. In the case cited, the council of the city of Los Angeles provided by ordinance for the creation of half-time positions in the classified service and authorized the appointing authorities to order the employment of persons on half-time basis and to reduce the compensation of such persons accordingly. The ordinance further provided that such half-time positions were to be filled by persons who had been in the service of the city for at least five years, where they were still able to render service satisfactorily in quality, but where because of advanced years or injury, such work was less than standard quantity. Certain of the employees of the park department were so placed upon half-time basis and instituted *mandamus* proceedings 'for reinstatement to a full-time basis and recovery of the reductions in compensation suffered. In determining that the petitioning employees were entitled to the relief sought, the court at page 632 states, "We do not dispute the right of the board to reduce the salaries or the hours of labor of all park department employees within a given classification, but we think it clearly illegal and a violation of the vested rights of employees for the Board of Park Commissioners to transfer certain employees to half time work at a reduced salary, and permit

other employees in the same grade or civil service classification to continue at full time work, and then proceed to fill the vacated positions with other civil service eligibles.'' In the case before us no such discrimination as to employees in the same classification is alleged. On the contrary, the facts appear to meet the situation referred to by the court in which it concedes the right to reduce the hours of labor of civil service employees.

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 22, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 23, 1937.