BELLEVUE HOTEL COMPANY *vs.* BUILDING COMMISSIONER OF BOSTON.

Suffolk. December 11, 1936. — December 27, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Mandamus. Boston.*

One whose application to the building commissioner of Boston under St. 1907, c. 550, § 1, for leave to erect a sign on a building was denied, but who did not thereupon pursue the right of appeal given him by § 7, had no standing to seek relief by mandamus.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on October 27, 1936, for a writ of mandamus.

The case was reserved by *Donahue*, J., for determination by the full court.

*N. von Rosenvinge*, for the petitioner.

*W. J. O'Malley*, Assistant Corporation Counsel, for the respondent.

RUGG, C.J.   This petition for a writ of mandamus has been reserved for our determination upon all questions of law raised by the petition, answer, and a stipulation set out in the answer.   All allegations of the petition with the exception of those in paragraphs 9 and 10 (which were asserted to raise questions of law alone) were admitted by the answer.   The facts thus established are these: In 1902 the petitioner or its predecessor in title owned the land and building at 21 Beacon Street in Boston.   It still owns this property.   On August 27, 1936, the petitioner applied for a permit from the respondent to build a sign on its premises at 21 Beacon Street.   The respondent refused to issue the permit and assigned as his only reason therefor that the construction of such sign would be an alteration in violation of St. 1902, c. 543.   It is provided by § 1 of that act as follows: "Any part of any building abutting on or within forty-two feet of Bowdoin street between Allston street and Beacon street may be completed, built, rebuilt or altered to the height of one hundred feet above the highest grade of that part of said Bowdoin street on which the building abuts as such grade has been changed and established by the governor and council and no higher, . . . provided, however, that there may be erected on any such building such chimneys, pipes, water tanks, elevator houses and ornamental features which shall not increase the interior capacity of said building as the governor and council may approve."   In 1902, when said c. 543 was enacted, the premises at 21 Beacon Street consisted of land and buildings entirely outside the area affected by that act.   In 1925 the petitioner or its predecessor in title acquired certain land on the corner of Bowdoin and Beacon streets within the restricted area which adjoined its property at 21 Beacon Street.   A new building which was connected to the original premises at 21 Beacon Street was

constructed on that land. The structure placed by the petitioner upon that land on Bowdoin Street "was applied for as an alteration to the existing structure located at 21 Beacon Street." The proposed sign is to be erected on the original premises at 21 Beacon Street and would not be within forty-two feet of Bowdoin Street.

The petitioner concedes that, with respect to the addition erected on the land purchased at the corner of Bowdoin and Beacon streets, it was within the restricted area and was and is bound by the limitation. The petitioner by its voluntary act enlarged its original premises so as to embrace the building erected on the land within the restricted area; it incorporated into a single building the structure originally at 21 Beacon Street and the new structure on the land acquired in 1925. The petitioner contends that the limitation is restricted in its operation to the building on the land bought in 1925; the respondent contends that it covers the entire building, including that at 21 Beacon Street which has been incorporated with the new building.

The petitioner was required by St. 1907, c. 550, § 1, to apply for a permit to build the sign. The application in terms was for a permit to alter the building of the petitioner. By § 7 of said c. 550 an applicant for a permit whose application has been refused may appeal therefrom within ninety days. "After notice given to such parties as the board shall order, a hearing shall be had, and the board shall affirm, annul, or modify said refusal . . . ." The board of appeal is established by § 6 of said c. 550. It is provided by § 129 of said c. 550 that "any person, the value of whose property may be affected by any decision of the board of appeal, may have the action of said board reviewed by the court by any appropriate process . . . ." These provisions establish a comprehensive plan whereby the acts of the commissioner may be reviewed. Where a statute has been enacted, apparently intended to cover the entire subject to which it relates, including a remedy for its infraction, other provisions of law are superseded. The course prescribed by the statute must be fol-

lowed. The petitioner failed to avail itself of the terms of the statute by appeal. Mandamus will not lie in these circumstances. *Wallace* v. *Superintendent of Streets of New Bedford,* 265 Mass. 338. *Reagan* v. *Mayor of Fall River,* 260 Mass. 529, 531. *Whalen* v. *City Forester of Waltham,* 279 Mass. 287, 292. *McLaughlin* v. *Mayor of Cambridge,* 253 Mass. 193, 199. *School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353, 356, 357. *Carey* v. *Casey,* 245 Mass. 12, 14.

*Petition dismissed.*