JOHN T. NEVINS *vs.* BOARD OF PUBLIC WELFARE OF
EVERETT & another.

Middlesex.   November 10, 18, 1938. — November 29, 1938.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Civil Service.   Mandamus.   District Court,* Review of removal in civil
service.

The mere facts that a written statement of reasons for suspension and
removal from employment in the classified civil service was given
before instead of after such suspension and removal, and that the em-
ployee refused to take part in a hearing requested by him, did not make
invalid proceedings which otherwise complied with G. L. (Ter. Ed.)
c. 31, § 43.

The proceeding in a district court provided by § 45 of G. L. (Ter. Ed.)
c. 31, and not a petition for a writ of mandamus, is the proper remedy
to secure a review of orders under § 43 for suspension and removal of
one employed in the classified civil service.

PETITION, filed in the Supreme Judicial Court for the
county of Middlesex on April 21, 1938, for a writ of man-
damus.

A demurrer to the petition was heard by *Donahue,* J.,
and was sustained. The petitioner alleged exceptions.

*W. R. Morris,* for the petitioner.

*M. T. Silverstein,* City Solicitor, for the respondents.

RONAN, J.   This is a petition for mandamus to reinstate
the petitioner to his position as visitor in the welfare depart-
ment of Everett without loss of compensation. The peti-
tion, in so far as now material, alleges that the petitioner
was notified in writing by the board of public welfare on
January 7, 1938, that he was suspended from his position
as visitor, such suspension to become effective on January
8, 1938, for the following reasons: "1. Conduct unbecom-
ing an employee of the Welfare Dept.   2. Condition unfit
for work, due to your misconduct.   3. Intoxication while
on duty.   4. Violation of the rules and regulations of the
Welfare Dept." In the same notice, he was advised that

it was the intention of the board to remove him from his position on January 13, 1938, for the aforesaid reasons. In accordance with his request of January 9, 1938, for a public hearing upon his suspension and for another and separate hearing on his contemplated removal, the board notified him of a hearing to be held on January 13, 1938. This hearing was continued, at the request of his counsel, to January 15, 1938. He refused to take part in the hearing. On this last date he was notified in writing that the first, second and fourth charges had been unanimously sustained and that as to the third charge he had been found not guilty of intoxication but that he was guilty of being under the influence of intoxicating liquor while on duty. He was further informed that he had been removed from his position. The petition also alleged that he was suspended and removed "without reasons specifically given him in writing" and that he was suspended without proper cause and in bad faith. There are other allegations concerning previous attempts to suspend and to remove him, but nothing turns on them in the present inquiry. *Donnelly* v. *Trustees of the Boston City Hospital,* 290 Mass. 347. *Walsh* v. *District Court of Springfield,* 297 Mass. 472.

The single justice entered an order sustaining a demurrer on the ground that the petitioner's remedy was a petition for review in the appropriate District Court in accordance with G. L. (Ter. Ed.) c. 31, § 45. An exception to that order brings the case here.

It sufficiently appears from the face of this petition that the suspension and removal of the petitioner were accomplished substantially in accordance with the pertinent statutory provisions. G. L. (Ter. Ed.) c. 31, § 43. The fact that notice of the suspension and removal was given before, rather than after, such suspension or removal did not render the proceedings invalid. *Carey* v. *Casey,* 245 Mass. 12. *Reagan* v. *Mayor of Fall River,* 260 Mass. 529. Furthermore, the charges were adequate and complied with the statute as to definiteness and certainty. *Hogan* v. *Collins,* 183 Mass. 43. *McCarthy* v. *Emerson,* 202 Mass. 352. *Mayor of Medford* v. *Judge of First District Court*

of *Eastern Middlesex,* 249 Mass. 465.  *Rinaldo* v. *School
Committee of Revere,* 294 Mass. 167.  There are no allegations contained in the petition justifying his failure to take part in the public hearing which he sought and secured. Whatever effect should be attributed to his default, it is clear that he could not thereby prevent the full operation of the statute.  *Whitney* v. *Judge of the District Court of Northern Berkshire,* 271 Mass. 448.

There is a statute providing for a judicial review of the action of the removing authority.  G. L. (Ter. Ed.) c. 31, § 45.  It is supplementary to § 43 in accordance with which the board of public welfare removed the petitioner. Both §§ 43 and 45 are parts of a single statutory system regulating the suspension and removal of those in the classified public service.  When there has been a compliance with the provisions of § 43, then the person removed has ample opportunity to avail himself of the provisions of § 45 and to secure an impartial review of the ouster proceedings which, if such proceedings are shown to have been taken without proper cause or in bad faith, will result in his reinstatement without loss of compensation.  In these circumstances, such a remedy, and not mandamus, must be pursued.  *McLaughlin* v. *Mayor of Cambridge,* 253 Mass. 193, 199.  *Peckham* v. *Mayor of Fall River,* 253 Mass. 590, 593.  *Wallace* v. *Superintendent of Streets of New Bedford,* 265 Mass. 338.  *Whalen* v. *City Forester of Waltham,* 279 Mass. 287, 292.  *Commissioner of Institutions of Boston* v. *Justice of the Municipal Court of the Roxbury District,* 290 Mass. 460, 463.  *Brierley* v. *Walsh,* 299 Mass. 292, 295.

*Exceptions overruled.*