EDMUND D. CODMAN *vs.* ASSESSORS OF WESTWOOD & another.

Norfolk.   May 16, 1941. — June 26, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Mandamus.   Tax,* On real estate: abatement.

A taxpayer has no standing to maintain a petition for a writ of mandamus directing the assessors of taxes "to take action" to grant an abatement of taxes "pursuant to the authority conferred upon them" by the commissioner of corporations and taxation under § 8 of G. L. (Ter. Ed.) c. 58 as appearing in § 1 of St. 1935, c. 322, although the assessors "arbitrarily and capriciously" had failed to act in accordance with said authority.

PETITION, filed in the Superior Court on February 17, 1941, for a writ of mandamus.

The petitioner averred that the respondents "did not act fairly and impartially upon the question of making the abatement authorized; that in refusing to abate said tax, the members of said board arbitrarily and capriciously failed to act in accordance with the authority conferred upon them and refused and neglected and still refuse and neglect to exercise the functions and perform the duties conferred and imposed upon them by statute"; and prayed that the court "issue its writ of mandamus . . . directing . . . [the respondents] to take action pursuant to the authority conferred upon them by . . . [the] commissioner."

A demurrer was sustained by *Buttrick*, J., who ordered the petition "denied."   The petitioner appealed.

*M. L. Brown,* for the petitioner.

*A. T. Handverger,* (*H. P. McLaren* with him,) for the respondents.

Ronan, J.   This petition for a writ of mandamus alleges that the petitioner was the owner of a certain parcel of land in Westwood upon which a tax, based upon a valuation of $43,800 as determined by the board of assessors of said town, was assessed for the years 1935 and 1936; that he never filed any applications for the abatement of these taxes; that he paid a part of the taxes assessed for each of said years; that in 1937 the value of this parcel was reduced to $28,200 by the said assessors, who have since made no change in its valuation; that the property was worth no more in 1935 and 1936 than it was in 1937 and the subsequent years; that the commissioner of corporations and taxation, acting under G. L. (Ter. Ed.) c. 58, § 8, as appearing in St. 1935, c. 322, § 1, has written two letters to the respondent board of assessors, authorizing them to grant an abatement of the balance that the petitioner had not paid upon the taxes for 1935 and 1936; that, notwithstanding a statement of a representative of the respondent board that such an abatement would be made if authority was secured from the said commissioner, the said board has arbitrarily and capriciously failed to act in accordance with the said authority conferred by the commissioner.   The petitioner has appealed from orders of the Superior Court sustaining a demurrer and dismissing the petition.

A question of practice lies at the threshold.   An appeal does not lie from a decision of a single justice of this court in dismissing a petition for mandamus.   *Channell* v. *Judge of Central District Court of Northern Essex,* 213 Mass. 78. *St. Nicholas Russian Benefit Society, Inc.* v. *Yaselko,* 279 Mass. 81.   *Procida* v. *Ianiantuani,* 295 Mass. 479.   But by St. 1939, c. 257, jurisdiction over certain extraordinary remedies, so called, and including petitions for mandamus, with certain exceptions, was conferred upon the Superior Court.   This statute provides that the judge of the Superior Court may reserve and report to this court questions of law arising in such proceedings, but it gives no remedy by appeal.   Ordinarily, an appeal may be taken from a decision on a question of law made by a judge of that court in an action at law, by virtue of G. L. (Ter. Ed.) c. 231,

§ 96. Whether the decision of the judge of the Superior Court upon a petition for mandamus is no more appealable than would be a decision made by a single justice of this court, or whether it is subject to an appeal under the statute last mentioned, need not be decided because in any event the determination of the question cannot affect the final disposition of the case.

The sustaining of the demurrer presents two questions, (1) whether the petitioner has any standing to bring a petition for mandamus and (2) if he has, do the allegations set forth a case entitling him to the issuance of the writ.

The petition is based upon G. L. (Ter. Ed.) c. 58, § 8, as appearing in St. 1935, c. 322, § 1, which, in so far as material, provides that "If, at any time after the commitment of any warrant to a collector, the commissioner is of the opinion that any taxes, assessments or other charges thereon remaining uncollected should be abated, he may authorize the assessors or board making the assessment, in writing, to abate any part or the whole of such taxes, assessments or other charges, either by items or by abatement of a sum total, stated in such written authorization. The assessors or board aforesaid may thereupon make the abatement authorized and enter the same in their record of abatements, making reference in said record to such authorization as the cause or reason for the abatement."

The object of the petitioner is to secure an abatement upon the taxes for 1935 and 1936. But it has been frequently decided by this court that the exclusive remedy for the abatement of an excessive tax due to overvaluation is the filing of an application for abatement with the board of assessors. *Harrington* v. *Glidden*, 179 Mass. 486. *Sears* v. *Nahant*, 221 Mass. 435. *Central National Bank* v. *Lynn*, 259 Mass. 1. *Wynn* v. *Assessors of Boston*, 281 Mass. 245. *Choate* v. *Assessors of Boston*, 304 Mass. 298. In accordance with this principle, an action of contract to recover the tax, where a part of the tax was due, a petition for certiorari to revise the action of the assessors in denying an application for abatement, or a petition for mandamus to abate the tax, cannot be maintained. *Sears* v. *Nahant*,

208 Mass. 208. *Sullivan* v. *Ashfield,* 227 Mass. 24. *Eastern Racing Association, Inc.* v. *Assessors of Revere,* 300 Mass. 578. Suits in equity will not as a general rule lie to determine the validity of the tax or to enjoin its collection. *Welch* v. *Boston,* 208 Mass. 326. *Warr* v. *Collector of Taxes of Taunton,* 234 Mass. 279. *Maley* v. *Fairhaven,* 280 Mass. 54. *Atlantic Pharmacal Co.* v. *Commissioner of Corporations & Taxation,* 294 Mass. 485.

The petitioner had the undoubted right to file an application for an abatement of the taxes assessed for each of the two years in question, but it appears from the allegations of the petition that he did not duly file an application for either year. The remedy that the law provided for his benefit was inexpensive, direct and adequate. He could not refuse to accept this remedy and select another proceeding to secure an abatement. He had no choice of remedies and, even if he had, he could not maintain a petition for mandamus, for such a petition will not lie where another remedy is provided by statute. *Butler* v. *Directors of the Port of Boston,* 222 Mass. 5, 12, 13. *Daly* v. *Mayor of Medford,* 241 Mass. 336. *County Commissioners* v. *Mayor of Newburyport,* 252 Mass. 407. *C. & H. Co.* v. *Building Commissioner of Medford,* 303 Mass. 499, 500. *Department of Public Utilities* v. *Trustees of New York, New Haven & Hartford Railroad,* 304 Mass. 664. *Attorney General* v. *Secretary of the Commonwealth,* 306 Mass. 25, 29. *Amory* v. *Assessors of Boston,* 306 Mass. 354. *Hurley* v. *Lynn, ante,* 138.

The petitioner, as we have said, could have filed an application for abatement with the assessors and, if action satisfactory to him was not obtained, he could have appealed to the county commissioners, or to the Appellate Tax Board by filing a petition with the board, and he could then have had any questions of law involved in the decision of that board reviewed by this court. See G. L. (Ter. Ed.) c. 59, § 59, as amended by St. 1935, c. 187, and most recently by St. 1939, c. 250, § 1; G. L. (Ter. Ed.) c. 59, § 64, as amended by St. 1935, c. 218, § 2, and most recently by St. 1939, c. 31, § 6; G. L. (Ter. Ed.) c. 59, § 65, as amended

by St. 1933, c. 130, § 2, and most recently by St. 1939,
c. 31, § 7; G. L. (Ter. Ed.) c. 58A, § 13, as amended by
St. 1939, c. 366, § 1. Abatement of taxes has long been
governed by a statutory system, which completely covers
the field and leaves no place for the operation of any reme-
dial provisions other than those included in the said system.
While such a statutory arrangement continues in force,
it supersedes remedies that might otherwise be invoked.
*School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass.
353. *Royal's Case,* 286 Mass. 374. *Rooney* v. *County of
Essex,* 292 Mass. 473. *Gediman* v. *Cameron,* 306 Mass. 138.

With these general principles in mind, it would require
apt language in the statute, G. L. (Ter. Ed.) c. 58, § 8, as
appearing in St. 1935, c. 322, § 1, upon which the petitioner
relies, to authorize him to bring a petition for mandamus
to require the assessors to take action upon the abatement
of a tax that the commissioner has authorized them to
abate. No such language appears in the statute. Neither
is there anything indicative of any purpose of affording a
taxpayer another opportunity to seek an abatement of
taxes. The legislative history of the statute, which begins
with St. 1912, c. 272, § 2, demonstrates that it was an ad-
ministrative measure authorizing the commissioner to report
to the Attorney General the failure of a local collector to
collect taxes that had remained unpaid for a period of three
years after the warrant for their collection had been com-
mitted to him by the assessors or the neglect of the collector
to pay over to the treasurer of the municipality.the amounts
of taxes collected by him, for the purpose of having proceed-
ings brought by the Attorney General against the delin-
quent collectors. The duties of the commissioner were
extended by St. 1922, c. 34, which enabled him to authorize
the assessors to abate such uncollected taxes as he deemed
should be abated. It is needless to say that such power is
to be exercised solely in the public interest. The abate-
ment by public officials of unpaid and uncollectible taxes
is not an uncommon feature of our different taxing systems.
Taxes on income, on legacies and successions, and corpo-
rate excise taxes, that have remained unpaid for more than

five years, may be abated by the Appellate Tax Board upon the recommendation of the commissioner and the Attorney General. G. L. (Ter. Ed.) c. 62, § 45, as amended by St. 1939, c. 451, § 24; c. 63, § 71, as amended by St. 1939, c. 451, § 29; and c. 65, § 32, as amended by St. 1939, c. 451, § 36. The striking off of such taxes from the tax list by means of abatement might be found to facilitate the proper performance of their public duties by those who are entrusted with the assessment of taxes and the collection of the public revenue. A taxpayer has no standing to interject himself into such administrative matters in which the commissioner and the assessors are engaged, simply for the purpose of enhancing his private interest. He could not merely on account of such interest compel either the commissioner or the assessors to act or to grant an abatement. *School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353, 355. *Callahan* v. *Woburn,* 306 Mass. 265. *Amory* v. *Assessors of Boston,* 306 Mass. 354.

In brief, this case falls within the familiar principle that one who has failed to adopt the statutory course, which alone furnished the means of securing relief, has no standing to seek that benefit by a petition for mandamus. *Sears* v. *Nahant,* 208 Mass. 208, 209, 210. *Wallace* v. *Superintendent of Streets of New Bedford,* 265 Mass. 338. *Whalen* v. *City Forester of Waltham,* 279 Mass. 287, 292. *Bellevue Hotel Co.* v. *Building Commissioner of Boston,* 299 Mass. 73. *Brierly* v. *Walsh,* 299 Mass. 292, 295. *Eastern Racing Association, Inc.* v. *Assessors of Revere,* 300 Mass. 578, 582. *Nevins* v. *Board of Public Welfare of Everett,* 301 Mass. 502.

*Order sustaining demurrer affirmed.*

*Petition dismissed.*