FRIEDA S. ULLIAN *vs.* REGISTRAR OF MOTOR VEHICLES
& another.

Suffolk.   October 4, 1949. — January 5, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Certiorari. Motor Vehicle,* License to operate. *Registry of Motor Vehicles.*
*Administrative Board or Officer. Words, "Appeal."*

An appeal under G. L. (Ter. Ed.) c. 90, § 28, from an order of the regis-
trar of motor vehicles suspending a license to operate a motor vehicle
gives the licensee a right to a new trial on all issues and to a full hearing
on the merits in no way limited or restricted by what occurred at the
previous hearing before the registrar, and is an adequate remedy even
though the registrar failed to accord him a full hearing; the licensee
has no standing to attack the order of the registrar by a certiorari pro-
ceeding.

PETITION, filed in the Superior Court on December 6,
1948, for a writ of certiorari.

The case was heard by *Good,* J.

*H. S. Davis,* for the petitioner.

*F. E. Kelly,* Attorney General, *& E. P. Healy,* Assistant
Attorney General, for the respondents, submitted a brief.

RONAN, J.   This is a petition for a writ of certiorari seek-
ing to quash an order [1] suspending the petitioner's license to
operate an automobile for a period of seven days.   An ap-
peal from this order to the department of public works was
seasonably taken by the petitioner, and that appeal is still
pending.   A motion to dismiss the petition was allowed, and
judgment was entered dismissing the petition without preju-
dice.   The appeal of the petitioner brings the case here.

The statutes provide a definite and complete system rela-
tive to the suspension of a license to operate an automobile.
The initial step in that system is created by G. L. (Ter.

---

[1] The order of suspension was made by the deputy registrar to whom the
registrar is authorized to delegate various duties by virtue of G. L. (Ter. Ed.)
c. 90, § 29, as amended by St. 1947, c. 508.   We treat the case, as did the
parties, as if the action were that of the registrar.

Ed.) c. 90, § 22, as amended by St. 1941, c. 312, which, among other things, authorizes the registrar of motor vehicles to suspend or revoke any operator's license issued by him, "after due hearing, for any cause which he may deem sufficient." A decision by the registrar adverse to the holder of a license is not final unless the latter permits it to become final, for the Legislature has established the method by which he may challenge the validity of the registrar's action. By G. L. (Ter. Ed.) c. 90, § 28, "Any person aggrieved by a ruling or decision of the registrar may, within ten days thereafter, appeal from such ruling or decision to the department of public works, which may, after a hearing, order such ruling or decision to be affirmed, modified or annulled, but no such appeal shall operate to stay any ruling or decision of the registrar."

Some of the grounds on which a motion to dismiss may be based are stated in *Adams* v. *Richardson,* 268 Mass. 78, 81, *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167, 168–169, *Graustein* v. *Boston & Maine Railroad,* 304 Mass. 23, 25, and *Chandler* v. *Dunlop,* 311 Mass. 1, 4. We need not decide whether it was technically the correct method of directing the court's attention to the undisputed fact that the petitioner had taken an appeal to the department, a copy of which was attached to the motion. The parties proceeded without objection to a hearing upon the motion, which stated as one ground that certiorari was not available to the petitioner. The petitioner was not harmed by the course taken and, as will hereafter appear, by the decision of the judge allowing the motion. His further order that the petition be dismissed without prejudice was too favorable to her. He should have ordered the petition dismissed. The dismissal of the petition was the only "result to which the case from its very nature must inevitably come." *Kelley* v. *American Sugar Refining Co.* 311 Mass. 617, 620–621, and cases cited. *Frost* v. *Kendall,* 320 Mass. 623, 626–627, and cases cited.

The remedy by the administrative appeal to the department cannot be said to be inadequate. The word

"appeal" as appearing in the statute, G. L. (Ter. Ed.) c. 90, § 28, comprehends all rulings and decisions of the registrar by which the holder of the license claims to be aggrieved. The word is used in its ordinary sense as providing for a new trial on all issues and a full hearing on the merits in no way limited or restricted by what had occurred at the previous hearing before the registrar. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 544. *Ott* v. *Board of Registration in Medicine,* 276 Mass. 566, 570. *Commissioner of Corporations & Taxation* v. *J. G. McCrory Co.* 280 Mass. 273, 277. *Wagstaff* v. *Director of the Division of Employment Security,* 322 Mass. 664, 665. *Sullivan* v. *Municipal Court of the Roxbury District,* 322 Mass. 566, 572. Neither can it be properly said that the appeal to the department is insufficient to protect the petitioner's rights by reason of the fact that the decision of the registrar is not stayed pending the appeal. This has been held to be true where the temporary deprivation of a license bars one in the meantime of a substantial right as prohibiting him from using his property or earning a livelihood from his profession, *Belcher* v. *Farrar,* 8 Allen, 325, 328, *Flynn* v. *Board of Registration in Optometry,* 320 Mass. 29, 33, 34; and it is equally true in the instant case, assuming in favor of the petitioner that her right to operate an automobile upon the public ways is a right of equal dignity with those just mentioned and that it is more than a mere conditional privilege.[1] The Legislature having provided an adequate remedy for those who wish to test the legality of a decision of the registrar, certiorari cannot be substituted for that statutory remedy. *Clap* v. *Municipal Council of Attleboro,* 310 Mass. 605. *Flynn* v. *Board of Registration in Optometry,* 320 Mass. 29. *Kenworthy & Taylor, Inc.* v. *State Examiners of Electricians,* 320 Mass. 451.

---

[1] See *Burgess* v. *Mayor & Aldermen of Brockton,* 235 Mass. 95; *Opinion of the Justices,* 251 Mass. 569; *Opinion of the Justices,* 251 Mass. 617; *Watson* v. *Division of Motor Vehicles,* 212 Cal. 279; *Cusack* v. *William Laube & Co. Inc.* 104 Conn. 487; *Garford Trucking, Inc.* v. *Hoffman,* 114 N. J. L. 522; *Commonwealth* v. *Cronin,* 336 Pa. 469; *LaPlante* v. *State Board of Public Roads,* 47 R. I. 258.

The petitioner, however, contends that, as she never had been accorded a full hearing before the registrar, she has been denied one of the hearings intended for her benefit under the statutory system, and that therefore she is entitled to have recourse to the courts to correct the wrong committed against her. If error there was in the decision of the registrar, whether it was wrong on the merits or because of the absence of compliance with some procedural requirement essential to a full and fair hearing, the error is to be rectified by an appeal to the department. *Abelleira* v. *District Court of Appeal of California*, 17 Cal. (2d) 280, 292–293, 302. *Alexander* v. *State Personnel Board*, 22 Cal. (2d) 198, 199. *Oklahoma Public Welfare Commission* v. *State*, 187 Okla. 654. *County of Essex* v. *Civil Service Commission of New Jersey*, 98 N. J. L. 671. The action of the administrative agency has not been completed and "The matter is still wholly in the administrative field." *Sullivan* v. *Municipal Court of the Roxbury District*, 322 Mass. 566, 572. Compare *Henderson* v. *Mayor of Medford*, 320 Mass. 663. It is well settled that an extraordinary writ like mandamus or certiorari will not issue where a petitioner, alleging to be aggrieved by an adverse decision of a public officer, fails to adopt the statutory method of an appeal to the appropriate board or where an administrative appeal is still pending. The petitioner has not exhausted the adequate, available and appropriate administrative remedy and has no right to maintain her petition for a writ of certiorari. *Wallace* v. *Superintendent of Streets of New Bedford*, 265 Mass. 338. *Whalen* v. *City Forester of Waltham*, 279 Mass. 287, 292. *Bellevue Hotel Co.* v. *Building Commissioner of Boston*, 299 Mass. 73. *C. & H. Co.* v. *Building Commissioner of Medford*, 303 Mass. 499. *Karl V. Wolsey Co. Inc.* v. *Building Inspector of Bedford*, 324 Mass. 419, 422. *Marshall* v. *Registrar of Motor Vehicles*, 324 Mass. 468.

*Judgment affirmed.*