TUNIS J. CAREY v. THE BOARD OF POLICE OF THE CITY OF PLAINFIELD.

1. Under the Police Tenure of Office act of March 25th, 1885 (*Pamph. L., p.* 163), "the appropriate municipal board, officer or authority" by which charges preferred against members of the police force are to be investigated and tried is that department of the municipal government in which by the charter or general laws the power to remove is lodged.
2. Suspension for a specified time without pay is a removal from office *pro tanto*, within the spirit and meaning of the act.
3. By the charter of Plainfield, the power of removal is conferred upon the common council, and that power cannot be delegated to a board established by ordinance called "The Board of Police."

On *certiorari.*

Argued at November Term, 1890, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutor, *Frank Bergen.*

*Contra, Craig A. Marsh.*

The opinion of the court was delivered by

DEPUE, J. The prosecutor is a member of the police force of the city of Plainfield. He was also designated to act as captain of police, which entitled him to the $30 a month more than the pay of an ordinary policeman.

In March, 1890, a charge in writing was preferred against the prosecutor, directed to the police board of the city of Plainfield, charging him "with conduct unbecoming a policeman, by using obscene, profane and indecent language to members of the common council of said city, some of whom are members of the police board of said city, viz.: on the morning and afternoon of the 18th day of March, A. D. 1890, to the following members of the common council, to wit,

Elmore D. Moffett, Arthur T. Gallup and Walter L. Hetfield, and also by using vile, obscene and profane language about members of said common council to divers citizens of said city at different times since the 6th day of January, A. D. 1890."

On this charge the prosecutor was tried by the police board. Before the trial was commenced the prosecutor challenged the power of the board to try him upon said charge. The objection to the jurisdiction was overruled, and the board proceeded to trial, and after hearing the testimony of witnesses, found the prosecutor guilty of the charges preferred against him, and adjudged that he be suspended from duty for three months from April 1st, 1890, without pay; rescinded the order designating him as captain of police, and designated another policeman as captain of the police for the remainder of the year.

The Tenure of Office act of March 25th, 1885, secures to officers and men employed by municipal authority of any city a tenure of office during good behavior, efficiency and residence in the city, and prohibits their removal from office for any other cause than incapacity, misconduct, non-residence or disobedience of just rules and regulations established for the police force or police department, and then only after written charge, signed by the person or persons making such charge, and a hearing by the appropriate municipal board, officer or authority, after reasonable notice to the person charged—it being the declared intent of the act to give to every person against whom charges may be preferred under the act a fair trial upon said charge, and every reasonable opportunity to make his defence. *Pamph. L.* 1885, *p.* 163 ; *Rev. Sup., p.* 514.

The police board sustained their jurisdiction to entertain and try the complaint in virtue of a city ordinance, approved April 5th, 1884, which provides that "in the case of any policeman charged with any neglect or misconduct, such charges shall be made directly to the police board, and the same shall be investigated by said police board, who shall give the policeman charged a hearing upon said charge, if he

desire; and said board shall, upon investigating or hearing said charges, decide whether the said policeman be guilty of said charges, or any of them, or not, and their decision shall be final and conclusive. If they find him guilty, they may .suspend said policeman for a period of time not exceeding three months, and forfeit his pay during said suspension, in their discretion, or if they deem that such charges that are proved justify the dismissal of said policeman from the force, they shall so report in writing to the common council at its next meeting, stating their reasons for their conclusion, and :said council, upon receiving and hearing said report, shall at the same meeting pass upon the question whether he shall be dismissed from the force upon the case as presented by the police board in their said report, six votes being necessary to dismiss or remove said policeman. Upon any charge being preferred against any policeman before the police board, they shall have power to suspend said policeman pending the investigation until final action by said police board or said common council."

The Tenure of Office act provides that the officers and men employed in the police department of a city shall hold their offices and continue in their employments as such officers and employes during good behavior and efficiency, and forbids their removal otherwise than for the cause and by the procedure prescribed. Suspension for a specified term deprives the officer of his office in the meantime. During the term for which he is suspended he does not continue to hold his office or enjoy its emoluments. Such a suspension is a removal from office pro tanto within the spirit and meaning of the act. It is true that the ordinance retains the power of dismissal from office in the common council, but the decision of that body "upon the case as presented by the police board" is not a trial such as is contemplated by the act. Over the judgment of suspension for a stated period without pay the common council has no control. So completely did the common council stand aloof from this prosecution that it instructed the city counsel neither to prosecute nor defend Mr. Carey

before the police board, but to be prepared to advise the board on any legal question the board might see fit to ask him.

The question is as to the power of the board to try the prosecutor and give the judgment it did. That inquiry involves the consideration whether the board of police of the city of Plainfield is "the appropriate municipal board, officer or authority" in that city before which the trial contemplated by the act of 1885 should be held. The board of police in the city of Plainfield is not a department of the city government created by the charter. It exists in virtue of an ordinance, by which the mayor, the president of common council and the committee on police were constituted the board of police.

. By the fifth section of the city charter of 1872, the power to appoint city officers was conferred upon the common council, and it was declared that every person appointed to office under the charter should continue in office until removed therefrom by a vote of the majority of all the members of the common council, or until another person should be appointed to succeed him. *Pamph. L.* 1872, *p.* 1134. The supplement of March 18th, 1874, conferred upon the mayor the power to nominate, and by and with the consent of common council to appoint, all officers of the city, except the city clerk and the janitor of the council chambers. *Pamph. L.* 1874, *p.* 302. The supplement of 1874 changed the mode of appointing policemen, but the power to remove such officers was left in the common council as conferred by section 5 of the charter.

The act of 1885 creates no tribunal for the trial of policemen, nor does it leave the form of trial to the caprice of municipal bodies. It requires the trial to be before the "appropriate municipal board, officer or authority," leaving the charter in any particular case or general laws on the subject to determine the "appropriate" authority to conduct the trial; and obviously the municipal department in which the power to remove is lodged is, in the contemplation of the act, the "appropriate" body by which the trial is to be had and judgment be pronounced. By the charter of Plainfield, the

power to remove officers is conferred upon the common coun cil. That power cannot be delegated to any of the administrative boards or committees, and that body is the "appropriate" tribunal before which the charge is required to be investigated on the testimony of witnesses produced and examined. The trial before the police board was *coram non judice*, and the judgment and proceedings must be set aside.

This conclusion makes it unnecessary to consider whether the prosecutor's challenge of the competency of two of the members of the police board to take part in his trial is or is not sustained.