SAMUEL DODD, RELATOR, v. JOHN FOSTER.

Submitted December 9, 1899—Decided February 26, 1900.

Under the true construction of the supplement to the Police Tenure of Office acts, approved March 9th, 1898, charges preferred under those acts against a police officer may be tried and adjudicated by the police committee of the city council, and the council may dismiss the officer upon the report of the committee.

On demurrer to plea in *quo warranto*.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the demurrant, *Norman Grey.*

For the defendant, *Edwin G. C. Bleakly.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The information sets out the appointment of relator to the office of chief of police of the city of Camden, his acceptance of the office and his ouster therefrom by defendant under an appointment subsequent to the passage of a resolution of the city council dismissing relator from office.

Relator claims by the information that the sole power to dismiss him from the said office was vested in the mayor of the city and had not been exercised by him. On this ground he asserts that defendant has usurped and intruded into the office unlawfully.

To this information defendant pleaded that charges of incompetency, neglect of duty and violation of the rules governing the police force of the city had been presented to the mayor and police committee of the city council; that notice thereof had been given relator; that he appeared and the charges were tried upon evidence taken; that the police committee reported to the city council that they had found relator guilty of some of the charges and recommended his expulsion from his office; that the mayor approved of the report and that at the coming in of the report to the city council it adopted a formal resolution receiving the report and confirming the action of the committee.

Defendant thereupon claims that relator lost the right to said office and to maintain the information against him.

The relator demurs to the plea, and the question raised thereby is whether it sets out facts evincing a lawful removal from office.

On the part of the relator it is contended that, under the provisions of the act entitled "An act respecting police departments of cities and regulating the tenure and terms of office of officers and men employed in said department," approved March 25th, 1885 (*Gen Stat., p.* 1534), it has been settled in this court that the appropriate municipal board officer and authority which may try charges preferred against a police officer is that department of municipal government endowed with the power of removal, and that the officer in the city of Camden thus endowed is the mayor. *Cary v. Plainfield,* 24 *Vroom* 311; *Devault v. Camden,* 19 *Id.* 433.

On the part of defendant it is first contended that the plea sufficiently discloses that the relator was tried by the mayor upon the charges in question and was convicted and dismissed from office by the mayor. But we cannot discover

in the plea any statement of the fact of conviction by the mayor. The averments that the mayor adjudged him guilty are coupled with admissions that the judgment was never promulgated or announced either to the accused or to the public. The averment that the mayor dismissed relator from his office is not sufficient in the absence of an adjudication of guilt.

But this contention is inconsistent with the next contention of defendant, which is that the act of March 25th, 1885, has been amended by a further supplement thereto, approved March 9th, 1898 (*Pamph. L.*, *p.* 65), and that the power of the mayor in the respect in question has been thereby withdrawn from him and conferred upon the police committee of the city council.

The supplement in question is curiously expressed and not easy of construction. But it does indicate a legislative intent to confer jurisdiction, under the Police Tenure of Office acts, to try and determine charges against police officers upon either of two tribunals thus described " the police committee or board established, or that may be established, by city ordinance." By other provisions it is clear that the " police committee " intended is a committee of the city council.

The relator presents no objection to this legislation except inapplicability. His contention is that the police committee intended by the acts is one established by a city ordinance, and that the plea does not aver that the committee in question was so established. But this is an erroneous construction of the act. Committees are not established by ordinance, but come into existence by appointment of the body of which the committeemen are members. A board or separate body is appropriately established by an ordinance, and may be appropriately so described. The act confers power upon the police committee without regard to its being established by ordinance.

No other objection to this legislation being presented, it is deemed proper to consider it valid.

The sole question remaining is whether relator was tried

and dismissed in the manner prescribed by the supplement of 1898. The averments of the plea in respect to the acts of the mayor, in connection with the hearing of the charge, have raised some doubt as to whether he did not improperly intrude into the tribunal prescribed by the act. But upon consideration we think the requirements of the statute were substantially observed under the rule laid down in *Devault* v. *Camden, ubi supra.* The notice required relator to appear before the police committee. He appeared and was represented by counsel; testimony was taken and the committee reported to the city council that they found relator guilty of some of the charges preferred against him, and that they deemed the proof on those charges sufficient to warrant expulsion from the police force and they recommended his removal. This report was not joined in by the mayor, although he appended his approval thereto. But his approval does not indicate that he took any part in the trial or adjudication.

Upon this review of the plea we have reached the conclusion that it sufficiently sets out relator's removal from the office he claims and affords an answer to the information.

The demurrer must be overruled.