EDWARD A. O'LEARY, PROSECUTOR, v. COMMON COUNCIL OF THE CITY OF SOUTH AMBOY ET AL., RESPOND-ENTS.

Argued January 23, 1930—Decided July 1, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the prosecutor, *George L. Burton.*

For the respondents, *Henry St. C. Lavin.*

PER CURIAM.

This writ brings up for review proceedings for the dismissal of the prosecutor from the police department of South Amboy.

The admitted facts are that the prosecutor was appointed as a policeman on April 16th, 1921. On August 24th, 1928, he was served with charges that had been made against him by a Mrs. Viola Schultz, for violation of certain provisions of the police ordinance and at the same time he was served with notice that a trial of such charges would be had on September 10th, 1928. The trial was held on that date before four of the five members of the city council and the

prosecutor was found guilty of three of the four charges preferred against him as shown by the following resolution:

"Whereas officer O'Leary has been given a fair and impartial trial of the charges preferred against him by Mrs. Viola Schultz, and

"Whereas, after full and due consideration of these charges we find officer O'Leary guilty beyond a reasonable doubt of three of the four charges preferred against him, therefore, be it

"Resolved, that in view of which we recommend dismissal from the force for the betterment of the police department of the city of South Amboy."

Following such action unsuccessful attempts were made to bring about a reinstatement of the prosecutor and on November 3d, 1928, he sued out a writ of *certiorari* to review the proceedings upon and under which he had been ousted. These proceedings were discontinued January 21st, 1929.

Subsequent to prosecutor's dismissal, one Morris Reiner was appointed in his place and has since performed the duties and received the compensation therefor.

The prosecutor urges five grounds for setting aside his conviction and removal.

1. That the council was without jurisdiction to try the charges against him.

South Amboy being a third class city is governed by *Pamph. L.* 1897, *p.* 46; *Comp. Stat., p.* 1297.

Under section 4 of that statute the mayor is the head of the police department and has exclusive power to appoint, suspend and remove policemen.

Section 5 of the Police Tenure act (*Pamph. L.* 1885, *p.* 163; *Comp. Stat., p.* 2467) provides for a hearing, upon charges, "publicly examined into by the appropriate municipal board, officer or authority * * *." Practically the same provision and requirement is written into the Municipality (Home Rule) act. *Pamph. L.* 1917, *ch.* 152; *Cum. Supp. Comp. Stat., p.* 2153) under article 16, section 5.

Against this the respondent urges that section 30 of the act of 1897, *supra,* gives to the common council power to enact

ordinances (as does also the Home Rule act, *supra*), "to establish, maintain, regulate and control a police department * * *," and that pursuant to such authority, an ordinance exists, in South Amboy, which provides for the trial of charges against members of the police force by the council of the city.

The prosecutor's contention is that under the Charter act (1897, *supra*) the power of appointment, suspension and removal of policemen being definitely and exclusively placed in the mayor the power to try charges is also definitely and exclusively in him, and that the power to pass the ordinance before referred to, under the provision of that act and the Home Rule act does not reach the point of permitting a designation of the council for that purpose. The contention of the respondent is to the contrary, and that the ordinance in question is authorized by the before-mentioned statutes and the designation of the council as the trial body was proper. We think the contention of the prosecutor is sound and that the council was without power or jurisdiction to hear the matter and pass judgment. *Carey* v. *Plainfield*, 53 *N. J. L.* 311; *Darmstatter* v. *Passaic*, 81 *Id.* 162.

2. That there is no evidence before us upon which the judgment of dismissal can be rested.

This is based upon the fact that the state of case does not show that the testimony was taken by a competent and properly designated stenographer and is not certified as required by *Pamph. L.* 1914, *ch.* 208.

This objection we think is unsubstantial, inasmuch as it appears that on November 22d, 1929, a motion was made to strike out such testimony from the state of case and such motion was denied by this court.

3 and 4. Because the prosecutor was not served with a notice of dismissal and the resolution setting forth the findings of the council does not, in language, amount to a judgment of dismissal.

We think there is no substance in these contentions and the prosecutor points out to us no injury or disadvantage

suffered by him, nor are we directed to any statutory or other requirement of formal notice.

5. There was no proof of any rules of the police department that the prosecutor was charged with violating.

Such an ordinance was introduced and admitted in evidence although it was not included by being printed in the return to the writ.

We think this ground is without substance.

For and because of the first reason urged the judgment and proceedings would, of necessity, be required to be set aside. The respondent, however, urges two grounds, the second of which, laches, we think is so pronounced and substantial as to stay the hand of this court.

The trial and finding upon the charges was September 10th, 1928. A writ of *certiorari* was allowed November 3d, 1928, and withdrawn January 21st, 1929. The present proceeding was not instituted until September 7th, 1929, almost exactly one year after the proceedings and action complained of and sought to be reviewed, and the present writ was not allowed until October 5th, 1929. In the meantime another has been appointed as a member of the police force in the place of the prosecutor and has performed police duty and been paid for such services.

*Drill* v. *Bowden,* 4 *N. J. Mis. R.* 326, is much in point except that was heard and disposed of upon a rule to show cause why a writ of *certiorari* should not be allowed.

We conclude, therefore, that the writ of *certiorari* should be dismissed, with costs.