### WILLIAM MORROW, PROSECUTOR, v. CITY OF SOMERS POINT, DEFENDANT.

Argued October 3, 1933—Decided January 31, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Cole & Cole* (*Clarence L. Cole,* of counsel).

For the defendant, *Enoch A. Higbee, Jr.*

The opinion of the court was delivered by

CASE, J. The prosecutor was captain of police in the city of Somers Point and was removed from office by the mayor. The writ is prosecuted to review that removal.

The sworn complaint upon which hearing was had charged:

"That on or about July 7th and 29th, 1932, and other dates, William Morrow visited the service station of Richard Hagenbucher, situated on the south corner of Shore road and Johnson avenue and did order gasoline put in the gas tank of Councilman Howard Manley's automobile, also in the tanks of other automobiles, and requested same to be charged to the city of Somers Point, and that the said Richard Hagenbucher did put gasoline in the automobile of Howard Manley and other automobiles, and did charge the same to the city of Somers Point and did present bills for said gasoline to the city council of the city."

At the beginning of the hearing prosecutor objected that the complaint was not sufficiently specific. Manifestly, as to dates other than July 7th and 29th, 1932, and as to ownership of automobiles other than that of Howard Manley, the complaint was not specific; but we attach little importance to that fact because the prosecutor, on the witness stand, frankly admitted that on various specified dates between July 3d and August 12th inclusive, he had caused gasoline, in definite quantities aggregating sixty-five gallons, to be placed in the tanks of named privately owned cars and charged to the municipality.

There was no formal finding of guilt, and we are unable to determine from the record precisely what the finding was upon which the prosecutor was removed.

The police force of the city of Somers Point comprised two men; one of them the prosecutor with the title of "captain of police" and the other William Wentzell with the title of "chief of police." Prosecutor was on day duty, serving from six o'clock in the morning until six o'clock in the afternoon. Wentzell was on night service. The municipality had furnished these officers with a police car and had regularly, over a long period, recognized a practice whereby the police officers, as occasion required, purchased gasoline for the car and

charged the cost to the city. About June 25th that automobile came into bad physical condition, particularly as to its brakes. The mayor was duly notified but because, he says, of lack both of available funds and of authority he did not have repairs made. Thereafter until August 12th prosecutor, without specific authority, but for the performance of his official duties, used, as occasion required, one or another of several privately owned cars for certain police duties. It is not disputed that the purposes for which these cars were used were proper occasions for the use of an automobile in the police service or that the gasoline so purchased was consumed in legitimate police duties. The only proof to the effect that the police car was, during the period, in usable condition, is that Chief Wentzell, on night service, did use the car during a part of the time, but it is apparent that that use was not without danger, that the chief did in fact have a collision while so operating the car and that the continued use, until mechanical repairs should be made, was shortly forbidden by an inspector of the state motor vehicle department.

The defendant municipality is a city of less than twelve thousand inhabitants, incorporated under chapter 30, *Pamph. L.* 1897; 1 *Comp. Stat.*, *p.* 1297. The mayor is the head of the police department, with exclusive power to appoint, suspend and remove policemen. *O'Leary* v. *Common Council of South Amboy*, 8 *N. J. Mis. R.* 559; 151 *Atl. Rep.* 53. The mayor conducted the hearing on the charges. He was also sworn as a witness and testified that on July 29th he asked the prosecutor whether the latter was putting gasoline in cars other than the one owned by the city and received a negative reply, and that thereupon the mayor told the prosecutor that the latter should either use the police car or walk. That testimony was not brought out until the case against the prosecutor was in its rebuttal stage. We think that there ought not to be read into the complaint the further accusation that prosecutor had, in the course of duty, told an untruth to his superior or that he had disobeyed orders or was guilty of insubordination. Those questions were not fairly in issue.

Even though we assume that the record will sustain the inference that guilt was found, we think that that inference should not be broader than the charges upon which trial was had. The acts formally charged against the prosecutor are consistent with an honest effort to perform his official duty under the circumstances in which he was placed. They do not of themselves constitute just cause for removal. That being so, the removal was contrary to the statute. *Pamph. L.* 1917, *ch.* 152, *art.* 16, § 5; amended *Pamph. L.* 1928, *ch.* 240; *Cum. Supp. Comp. Stat., p.* 1112.

The order of removal will be set aside, with costs.