STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT, v. DAVID SILVERSTEIN, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.

Argued September 23, 1963—Decided December 2, 1963.

Mr. *George L. Pellettieri* argued the cause for defendant-appellant and cross-respondent (*Mrs. Ruth Rabstein,* on the brief; *Messrs. Pellettieri & Rabstein,* attorneys).

*Mr. John J. Bergin,* Assistant Attorney General of New Jersey, and *Mr. Steven S. Radin,* Deputy Attorney General of New Jersey, argued the cause for plaintiff-respondent and cross-appellant (*Mr. Evan W. Jahos,* Deputy Attorney General of New Jersey, on the brief; *Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered

PER CURIAM. Defendant, an undersheriff of Mercer County, was indicted for misconduct in office. On motion, the trial court dismissed the indictment. The Appellate Division reversed and remanded the cause for trial. *State v. Silverstein,* 76 *N. J. Super.* 536 (*App. Div.* 1962). We granted certification. 39 *N. J.* 134 (1963).

The judgment of the Appellate Division is affirmed. It is necessary, however, to note some qualifications on the views expressed there.

Reference is made in the Appellate Division opinion to the oath taken by an undersheriff under *N. J. S. A.* 40:41–28 that he will "well and faithfully" execute his office. This oath is said to comprise "the basic duty of the office." For purposes of clarity we point out that an indictment for misconduct in office which merely alleged breach of the oath would be palpably deficient. Although the oath prescribed is a necessary condition to assumption of the office, of itself it creates no particular duty, transgression of which would constitute the indictable crime charged here. The criminal offense arises from unlawful behavior which violates specific official duties inherent in, or attached to, the public office involved.

In addition, the opinion invalidated the part of the indictment charging misconduct in that defendant knew certain of the properties pledged by the bail bonds "did not contain sufficient equity or value in excess of twice the amount of the bonds pledged." We agree that the State has shown no such specific requirement, but a word of caution seems advisable with respect to certain proof which, the briefs

indicate, may be offered at the trial. The nonexistence of a duty to require proof that the equity in the pledged property was *double* the principal sum of the bond, does not stand in the way of introduction of evidence to establish the inadequacy of equity to support the affidavit of justification by the bondsman. See *R. R.* 3:9–6.

The Appellate Division declared also that no present requirement exists by way of statute or court rule that individual bail bondsmen be licensed by the Commissioner of Banking and Insurance. On appeal the State contended licensing was not only required, but that in practice individual bondsmen obtained such licenses. Our request at oral argument for specific information in this regard revealed that licensing was required by the Commissioner only of individuals who engage in writing bail bonds as agents for corporate sureties. (The Attorney General appears to be concerned that the Appellate Division opinion indicates lack of power in the Commissioner to require individuals acting as such agents to obtain licenses. We do not so read the opinion.) Desirable as a licensing requirement may be for persons who act in their private individual capacities as bail bondsmen, and although the Commissioner may have authority to establish such a mandate, we must agree that it has not been imposed in the past. Consequently, it would be unfair, to say the least, to charge the defendant with criminal misconduct for accepting such bonds from an unlicensed individual bondsman.

The indictment was returned in two counts. As a result of the views expressed by the Appellate Division and this court, it seems advisable for trial purposes to consider that one charge has been leveled against the defendant, the substance of which is substantially as follows:

Defendant Silverstein was a public officer of the County of Mercer between April 19, 1957 and September 26, 1958, having been duly appointed Undersheriff thereof under *N. J. S. A.* 40:41–28, and having qualified and acted as such during that period. As Undersheriff he was bound to execute the duties of his office according to the best of his skill and judg-

ment. Part of that public duty was (1) to accept applications of sureties to place bail bonds only when the equity in the property to be used as justification for the bail was sufficient security for the purpose; (2) to require the surety or bail bondsman to furnish proper and truthful affidavits of justification, see *R. R.* 3:9–6 (formerly *Rule* 2:9–6); and (3) to require the affidavits of justification to be duly and properly sworn to. Notwithstanding such duty, defendant, in the number of instances referred to in the indictment and set out in the schedule attached thereto, willfully failed to discharge it in that (a) he willfully directed and permitted such affidavits of justification to be filled out falsely by Milton Silverstein in response to questions concerning the amount of bail bonds for which the property described had been pledged as security; (b) he accepted affidavits of justification knowing that the equity in the property submitted and used as security was not sufficient for the purpose; (c) he willfully failed to demand or require proper affidavits of justification of surety with respect to the equity in the property submitted and used as justification for the bond or bonds; and (d) he willfully failed to require the surety, Milton Silverstein, to swear to the truth of the contents of the affidavits of justification.

Defendant contends invalidation of the allegations of the indictment referred to herein and in the opinion of the Appellate Division renders the entire instrument void. We cannot agree. The test of validity is whether the indictment in reasonably understandable language charges the defendant with commission of the essential factual ingredients of the offense. *State v. La Fera*, 35 *N. J.* 75, 81 (1961). Inclusion of additional language cumulative in form, describing additional means by which the offense was committed, but which is not essential to proof of the crime alleged, may be disregarded as surplusage. *Ford v. United States*, 273 *U. S.* 593, 602, 47 *S. Ct.* 531, 71 *L. Ed.* 793 (1927); 42 *C. J. S. Indictments and Informations* § 213, *p.* 1208 (1944). The situation presented by the striking of nonessential allegations

from an indictment is no different in essence from that which frequently appears at the close of the State's case at trial. If the state has proved sufficient facts to create a jury question as to defendant's guilt of the offense charged, the circumstance that there has been a failure of proof of certain other factual allegations set out in the indictment but which are not vital elements of the crime would not warrant the granting of a motion for judgment of acquittal.

At the argument attention was directed to the circumstance that the Sheriff and the Undersheriff had no authority to accept bail in the instances and during the period covered by the indictment. In a supplemental memorandum the State suggests that Silverstein, in assuming the responsibility of taking bail in the instances referred to in the indictment, "became a *de facto* county clerk." But the indictment alleges that as Undersheriff he was guilty of the specified misconduct in office. He is not charged with that offense as a *de facto* county clerk. It seems to us that the correct proposition is that when a public officer undertakes or assumes to perform certain public duties by virtue of his office and as if incident to his office, and he willfully engages in unlawful behavior which violates the duties undertaken or assumed, he will not be heard to say that such duties were not required by, or incidental to, his office, but were assigned by law to some other public office not held by him.

Affirmed and remanded.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.