101 N.J. Super. 565 (1968)
245 A.2d 54
BOARD OF POLICE COMMISSIONERS OF THE BOROUGH OF LEONIA, PLAINTIFF-RESPONDENT,
v.
PAUL OLSON, PATROLMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 10, 1968.
Decided June 28, 1968.
*566 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. John W. Leyden, Jr. argued the cause for appellant (Messrs. Leyden, Breslin, Monaghan & Leyden, attorneys).
*567 Mr. Donald A. Sterling argued the cause for respondent.
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Appellant Olson, a patrolman in the police department of the Borough of Leonia, was found guilty, after a hearing on due notice before the board of police commissioners (board), of using "unnecessary force in the handling of a prisoner." A reprimand and a two-day suspension were imposed by the board.
Olson appealed to the Bergen County Court under N.J.S.A. 40:47-10, which provides that any member of a police department of a municipality which, like Leonia, has not adopted the Civil Service Law,
"who has been convicted of any violation of any of the rules or regulations of such departments by the official or board empowered to try members of such police department * * * in such municipality, may obtain a review of such conviction by the County Court of the county in which such municipality is situated. * * * The court shall retry such charge or charges de novo and either affirm or reverse such conviction. The court may order or adjudge that the applicant be returned to any office or position from which he may have been removed under such conviction and that he be restored to all things he may have lost thereby, and may make such other order or judgment as the court shall deem proper under the circumstances."
Appellant sought initially to have the County Court dismiss the charge because the board allegedly had no jurisdiction to hear it and to impose the penalty of a reprimand and two days' suspension, appellant contending that the ordinance granting it such power is invalid. The County Court did not rule on that contention nor reach the merits of the charge. It dismissed the appeal because it concluded that the right to review in the County Court granted by N.J.S.A. 40:47-10 is available only where the penalty imposed is removal, not when it is only a suspension. In so ruling, the court relied on Murley v. Raritan Township, 117 N.J.L. 357 (Sup. Ct. 1937), quoting the following from the opinion in that case:
*568 "Suspensions are a matter of daily occurrence in the discipline of policemen. We think it was not the purpose of the act to give judicial review and trial de novo of every petty infraction of the police rules * * *." (at p. 358)
But Murley arose under a prior version of the act granting tenure to policemen. That version limited the right to review to cases in which the officer was "removed from office or employment." Whatever the merits of the policy considerations referred to in the quotation from Murley, and the County Court obviously deemed them persuasive, decision as to the policy of tenure statutes is for the Legislature, not for the courts. Cf. N.J.S.A. 11:2A-1.
Both appellant and respondent agree that the present section, N.J.S.A. 40:47-10, authorizes a trial de novo by the County Court whenever a patrolman is convicted on charges, irrespective of the penalty imposed. We concur.
We turn next to a consideration of appellant's contention that the provisions of the Leonia ordinance, which concededly purport to grant the board of police commissioners jurisdiction to try the charge against Olson and to impose the penalty it did, are invalid. Since both parties ask that we resolve that issue, we note but pass the preliminary question of whether an attack on the validity of provisions of the police department ordinance may be made in the course of a statutory appeal to the County Court under N.J.S.A. 40:47-10. Cf. Valonis v. Mayor and Tp. Committee of Cinnaminson Tp., 54 N.J. Super. 567 (App. Div. 1959); Harvey v. Poole, 17 N.J. Misc. 165, 7 A.2d 630 (C.P. 1939).
Ordinance No. 600, "An ordinance to establish, maintain, regulate and control a police department in the Borough of Leonia, and to prescribe and establish just rules and regulations with respect to such department," provides for the appointment by the mayor of three or more councilmen to be known as the board of police commissioners, "to have charge of the police department." The board is given power to supervise and conduct all examinations for patrolmen and for *569 promotions, with appointments and promotions to be made by the board "only by and with the consent and approval of the Borough Council." With respect to disciplinary proceedings, the ordinance provides:
"Said Board shall also hear and determine all charges and complaints made against members of the Police Department and may dismiss, suspend, or fine, or otherwise punish members of said department for incapacity, misconduct, or disobedience of rules and regulations established by the said Board of Police Commissioners; provided, however, that no man shall be dismissed, demoted, suspended for more than five days, or be fined more than $25.00 without the consent of the Borough Council."
Appellant contends that R.S. 40:47-1 grants the borough council the exclusive power to remove police officers and that therefore, under Carey v. Board of Police of City of Plainfield, 53 N.J.L. 311 (Sup. Ct. 1891), and O'Leary v. Common Council of City of South Amboy, 8 N.J. Misc. 559, 151 A. 53 (Sup. Ct. 1930), the ordinance may not provide that the board shall hear the charges and without the concurrence of the council fix the penalty even though it does not exceed five days suspension or a fine of $25.
Carey and O'Leary arose under statutes and in contexts different from that presented here; neither controls the disposition of this case.
O'Leary involved the City of South Amboy, a city of the third class, as to which the governing statute provided that "the mayor is the head of the police department, and has exclusive power to appoint, suspend and remove policemen" (151 A., at p. 54). The court therefore held that the city council was without power to adopt an ordinance, under what is now R.S. 40:47-1, providing that it, the council, should hear and determine charges made against a police officer.
In Carey v. Board of Police of City of Plainfield, supra, the court held that since the charter of Plainfield conferred the power to remove officers upon its common council, charges against a police officer could not be heard and a suspension imposed by a "board of police" created by municipal ordinance *570 and consisting of the mayor, the president of the common council and the committee on police. However, the provisions of the Plainfield charter authorizing the adoption of police department ordinances, L. 1872, c. 511, § 14, p. 1138, was not as broad in scope as the ordinance power now vested in all municipalities by R.S. 40:47-1, which provides in pertinent part:
"The governing body of every municipality may make, amend, repeal and enforce ordinances to establish, maintain, regulate and control a police department and force, * * * therein; to prescribe and establish rules and regulations for the government and discipline thereof; the appointment, terms and removal of the officers and members thereof, and to prescribe their duties and fix their compensation."
Contrary to what appellant contends, R.S. 40:47-1 does not specify who has the power to remove members of the police department; it deals only with the power of municipalities to adopt ordinances establishing, maintaining and regulating a police department.
Nor does any other statute specify what particular officer or body in a borough has the power to remove members of the borough police department. We need not decide for the purposes of this case whether R.S. 40:47-1 leaves the governing body of the borough free to choose by ordinance who is to exercise the removal power as applied to members of the police department or whether that power is vested in the borough council by the provisions of N.J.S.A. 40:87-15 and 16 dealing generally with appointive officers of a borough and providing with respect to the officers specified in N.J.S.A. 40:87-15 (policemen are not among those specified) and "such other officers as the council may deem necessary" that:
"All of these officers * * * shall hold office during the pleasure of the council. No officer shall be removed without being afforded an opportunity to be heard. Unless sooner removed, however, they shall hold office for 1 year and until their successors shall have qualified."
*571 We are satisfied that in either event an ordinance adopted by a borough council pursuant to R.S. 40:47-1 may provide, as does the Leonia ordinance in the aspects here involved, that the day-to-day management of the affairs of the police department be vested in or delegated to a board of police commissioners established by the ordinance and that the board may conduct a hearing on charges against members of the police department and, without seeking the concurrence or approval of the Council, impose minor disciplinary penalties such as suspension for not more than five days or a $25 fine. Cf. Sastokas v. Borough of Freehold, 134 N.J.L. 305 (Sup. Ct. 1946); Moore v. Borough of Bradley Beach, 87 N.J.L. 391 (Sup. Ct. 1915).
We emphasize that our ruling relates only to the specific provisions of the ordinance involved in the present litigation; we make no determination with respect to the validity or invalidity of any other portion thereof. Further, we note that altogether apart from the question of whether the charge here presented against Olson, "assault and battery upon a prisoner," constitutes a violation of a duly adopted rule or regulation of the police department, it constitutes misconduct warranting, if proven, disciplinary action under the tenure statute, N.J.S.A. 40:47-6. In re Cohen, 56 N.J. Super. 502, 507 (App. Div. 1959), certification denied 31 N.J. 297 (1960).
The judgment is reversed and the matter remanded to the County Court so that it may, pursuant to N.J.S.A. 40:47-10, retry the charge against Olson de novo and if he be found guilty make such order as the court shall deem proper under the circumstances. The borough itself should be joined as a party respondent. No costs on this appeal to either party. We do not retain jurisdiction.