James A. WESTOVER, Appellant,

v.

BOARD OF TRUSTEES OF the DES MOINES WATER WORKS, Appellee.

No. 86–1258.

Supreme Court of Iowa.

Dec. 23, 1987.

John C. Barrett and Griff Wodtke of Barrett & Trott Law Firm, Des Moines, for appellant.

Albert Harvey, Des Moines, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

CARTER, Justice.

Plaintiff, James Westover, appeals from a district court order quashing a writ of certiorari previously issued on his petition challenging his suspension from employment for six days without pay. Plaintiff claims his suspension was the equivalent of being "removed" as that term is used in Iowa Code section 70.6 (1985) thereby entitling him to certiorari review as a matter of statutory right, and, in the alternative, that if his case is not governed by section 70.6

the district court, nonetheless, erred in quashing the writ before defendant made a return in compliance with rule 309 and rule 313 of the Iowa Rules of Civil Procedure.

Section 70.6 provides as follows:

No person holding public position by appointment or employment, and belonging to any of the classes of persons to whom a preference is herein granted, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employee or appointee to review by a writ of certiorari....

Both parties agree that plaintiff's employment is a "public position" as that term is utilized in this statute. It is also undisputed that plaintiff is an honorably discharged veteran. As a result of these circumstances, defendant, in connection with the attempted discharge of plaintiff from employment, first scheduled an incompetency or misconduct arbitration hearing in order to meet the requirements of section 70.6. Following a determination by the arbitrator that plaintiff was not incompetent and that misconduct had not been established, defendant imposed a lesser sanction in the form of a six-day suspension without pay.

■ On the first issue presented, we agree with the district court's conclusion that plaintiff's six-day suspension was not the equivalent of being "removed from [his] position or employment" for purposes of section 70.6. *See, e.g., Weigle v. City & County of San Francisco,* 23 Cal.App.2d 274, 279, 72 P.2d 902, 905 (1937); *Daniel v. Citizens & S. Nat'l Bank,* 182 Ga. 384, 396–97, 185 S.E. 696, 703–04 (1936); *Hunn v. City of Madison Heights,* 60 Mich.App. 326, 332, 230 N.W.2d 414, 417 (1975); *Murley v. Raritan Township,* 117 N.J.L. 357, 358, 188 A. 739, 740 (1937). Accordingly, certiorari review as of right is not available to him under the provisions of that statute.

■ In our examination of plaintiff's alternative contention, we conclude that the district court acted precipitously in quashing the writ prior to the time that the defendant employer made such return as is required by law. The basis stated in the

district court's order for taking that action was that a six-day suspension is too de minimis to qualify for review by certiorari. We disagree with that conclusion. We recognized certiorari review to test allegations of illegal employment sanctions in *Dickey v. Civil Service Commission*, 201 Iowa 1135, 205 N.W. 961 (1925). No reason has been suggested why a disciplinary sanction of six days suspension without pay cannot be imposed by illegal means.

Although by casting his case in its present procedural posture plaintiff may have limited his ability to develop a complete factual record, no reason appears for dispensing with the requirement that defendant make such return of its records and proceedings relating to plaintiff's suspension "as are complained of in the petition or as may be pertinent thereto, together with the facts of the case, describing or referring to them or any of them with convenient certainty." Iowa R.Civ.P. 309. Until this is done, any action to quash the writ is premature.

The order of the district court is affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.